UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID LIEDERBACH,

    **Plaintiff,**

v.                                                   Case No. 16-CV-833

CITY OF MILWAUKEE POLICE DEPARTMENT,

    **Defendant.**

## ORDER

The plaintiff, David Liederbach, who is confined at the Milwaukee County Jail, is representing himself. He filed a complaint alleging that officers of the City of Milwaukee Police Department used excessive force against him. This matter comes before the court on plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). He has been assessed and paid an initial partial filing fee of $344.15. *See* 28 U.S.C. § 1915(b)(1).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in by *Twombly* by first, "identifying pleadings that, because they are

2

no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

<u>Complaint Allegations</u>

Plaintiff alleges that on July 24, 2014, Milwaukee Police Officers Aaron V. Frantal and Matthew L. Davis approached him and "immediately confronted me aggressively uncoerced [sic]." (ECF No. 1 at 2.) Officer Frantal attempted to grab plaintiff and Officer Davis attempted to spray him with O.C. spray. Plaintiff blocked the spray. A physical altercation arose among the three of them. The officers began hitting plaintiff and he continued to defend himself. The officers used a taser gun on plaintiff several times. Eventually a third officer, Officer Vargas-Ramos, arrived and tasered plaintiff. Soon other officers arrived and continued the assault on plaintiff, grabbing and hitting

3

him relentlessly. When plaintiff could no longer sustain himself he succumbed to their weight. Plaintiff was arrested and incarcerated for several days until his release.

Plaintiff alleges that he continues to suffer physically and has been diagnosed with PTSD from the incident. He does not know why the officers assaulted him.

For relief, plaintiff seeks monetary damages from defendant City of Milwaukee Police Department for the unnecessary use of excessive force, false imprisonment, injury, and misconduct in public office.

## Discussion

Plaintiff's allegations implicate his rights under the Fourth Amendment to the United States Constitution for the following claims: excessive force, false arrest, and false imprisonment.

However, the only defendant in this case is the City of Milwaukee Police Department. Because plaintiff seeks damages based on the police officers' actions against him, he should name the individual officers as defendants in this case, not the Milwaukee Police Department.

In addition, on page 5 of the form complaint, plaintiff checked a box indicating that he is suing under state law based on diversity of citizenship and that he seeking $1,500,000. However, based on plaintiff's claims as described, he is suing under federal law. Thus, if plaintiff files an amended complaint, he should check the box in the Jurisdiction section of the complaint that says he is suing for a violation of federal law. (Plaintiff is advised can still seek money damages while suing under federal law.)

If plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint

4

must be filed on or before **September 9, 2016**.  Failure to file an amended complaint within this time period may result in dismissal of this action.  Plaintiff should use the enclosed form complaint to file his amended complaint.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).  If an amended complaint is received, the court will screen it pursuant to 28 U.S.C. § 1915A.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 9, 2016**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail plaintiff a prisoner complaint form along with this order.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from plaintiff's prisoner trust account the $344.15 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds

$10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff. A copy should also be sent to Dennis Brand at the Milwaukee County Jail.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of August, 2016.

**BY THE COURT:**

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge

6

Case 2:16-cv-00833-LA   Filed 08/17/16   Page 6 of 6   Document 8